**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| JENNIFER YARBROUGH and THOMAS YARBROUGH, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 4:26-cv-00384-DGK |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) | |
| Defendant. | ) | |

**ORDER REGARDING PENDING MOTIONS**

This lawsuit arises from an insurance coverage dispute over property damage to a home in St. Louis, Missouri, caused by a storm on either May 16, 2025, or May 26, 2024, depending on whether one is reading the initial petition or the proposed amended petition

Now before the Court are Plaintiffs' Motion for Leave to File Amended Petition, ECF No. 25, and Plaintiffs' Motion to Withdraw and/or Amend Deemed Admissions Under Federal Rule of Civil Procedure 36(b), ECF No. 27.

For the following reasons, the motions are GRANTED, albeit with conditions.

**Discussion**

**I. Plaintiffs are granted leave to amend.**

With respect to Plaintiffs' motion for leave to file an amended petition, Rule 15(a)(2) provides "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). While "leave to amend shall be freely given when justice so requires, plaintiffs do not have an absolute or automatic right to amend." *United States v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005) (citations omitted). "Leave is properly denied when there has been undue delay, bad faith, or dilatory motive on the part of the movant, if the amendment would cause

undue prejudice to the non-movant, or if the amendments would be futile." *Harris v. SWAN, Inc.*, 459 F. Supp. 2d 857, 865 (E.D. Mo. 2005).

Here, Plaintiffs claim the amended petition which changes the date of loss is brought to correct a "scrivener's error" and that the proposed amendment would not prejudice Defendant as it "merely conforms the pleadings to the evidence while maintaining claims that Defendant has already been required to address." Mot at 1–2.

Defendant opposes the motion, observing that the amended pleading does substantially more than correct a typographical error: It changes the date of loss from May 16, 2025, to May 26, 2024, which will require Defendant to alter its defense concerning when and how it investigated the loss. Defendant also notes Plaintiffs had the information necessary to provide the correct date before they filed their lawsuit. It contends that although the motion to amend is brought within the deadline for motions to amend the pleadings (by three days), if the Court grants the request, the Scheduling and Trial Order will have to be substantially amended or Defendant's defense will be materially prejudiced. Defendant asks that if leave to amend is granted, the Court permit it to file an amended responsive pleading, supplement or revise its written discovery and third-party subpoenas, serve additional interrogatories (if necessary), conduct discovery concerning the changed occurrence and claim theory, and seek reasonable modification of expert, discovery, and dispositive-motion deadlines.

With respect to the above factors, the Court finds (1) the proposed amendment is not futile; (2) while it is a close call whether there has been undue delay by Plaintiffs—they filed the motion just before the deadline to amend expired—they still complied with the Scheduling and Trial Order; (3) while Defendant will suffer some prejudice, it is not undue or unfair prejudice, and it can be cured; and (4) most importantly, the interests of justice are served by allowing Plaintiff to file the amended complaint and resolve this dispute on the merits.

Accordingly, Plaintiff's motion to amend is GRANTED. Plaintiff shall file the proposed

amended complaint on or before November 23, 2026. The Court will also permit Defendant to file an amended responsive pleading, supplement or revise its written discovery and third-party subpoenas, seek leave to serve additional interrogatories, conduct additional discovery, and seek reasonable modification of expert, discovery, and dispositive-motion deadlines. The parties should meet and confer on a revised scheduling order and submit a proposed order on or before December 7, 2026.

## II. Plaintiffs' Motion to Withdraw and/or Amend Deemed Admissions is granted.

The Court now turns to Plaintiffs' Motion to Withdraw and/or Amend Deemed Admissions. Plaintiffs ask the Court to set aside the admissions they have been deemed to have made under Fed. R. Civ. P. 36 by not responding to Defendant's request for admissions on time.

On March 26, 2026, Plaintiffs filed this lawsuit in the Circuit Court of Jackson County, Missouri, designating attorney Michael Melli of the Cohen Law Group as lead attorney. ECF No. 1-1 at 15. Defendant removed to federal court. On July 6, 2026, Defendant served separate First Requests for Admissions on Plaintiffs Jennifer Yarbrough and Thomas Yarbrough.[1] Certificate of Service, ECF No. 17. Each request directed forty-five requests for admission to each Plaintiff. Plaintiffs did not serve responses within thirty days as required.[2]

Plaintiff then requested from Defendant an informal extension of time through August 19, 2026. Defendant agreed. Defendant wanted the admissions before the Court ordered mediation on August 24, 2026. Plaintiffs did not serve responses by August 19, nor did they request another extension of time.

On September 1, 2026, Defendant sent a deficiency letter to Plaintiffs regarding the failure to

[1] Plaintiffs' motion incorrectly states that the Requests for Admission were served "on or about July 15, 2026," and that their responses were due "on or about August 13, 2026."

[2] Plaintiffs' counsel asserts Plaintiff missed the deadline because "[t]his case was transferred from prior counsel to Plaintiffs' Counsel in the interim." But Mr. Melli has been counsel of record from the inception of this lawsuit. Perhaps Mr. Melli is confusing this case with another one, because he has filed seventy-four similar insurance coverage lawsuits in this district since January 1, 2026.

respond. That same day, Plaintiffs' counsel advised the responses were still being verified and would be produced the next day. Plaintiffs produced the answers on September 3. Defendant contends the responses are deficient.

Federal Rule of Civil Procedure 36(a)(3) provides that a request for admission "is admitted unless, within 30 days after being served," the responding party serves a written answer or objection, or the time is changed by the parties' stipulation or a court order. Rule 36(b) provides that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." The court "may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). The party that is opposing withdrawal or amendment bears the burden of proving it would be prejudiced by granting the motion. *F.D.I.C v Prusia*, 18 F.3d 637, 640 (8th Cir. 1994). "The prejudice contemplated by Rule 36(b) relates to the difficulty a party may face in proving its case because of the sudden need to obtain evidence required to prove the matter that had been admitted." *Id.* Having to "convince the trier of fact of the truth of a matter erroneously admitted is not sufficient." *Id.* If the court grants a motion to withdraw or amend, it may award costs to the relying party. *Id.* at 640 n.2

In support of their motion, Plaintiffs make a conclusory assertion that "withdrawal and/or amendment will promote resolution of the case on the merits and will not prejudice Defendant in maintaining or defending the action on the merits." Mot. at 2, ECF No. 27.

Defendant opposes the motion, arguing Plaintiffs have not shown that blanket withdrawal (that is, allowing Plaintiffs to unconditionally withdraw *all* admissions they have made by operation of Rule 36(a)(3)) would promote presentation of the merits, and their proposed responses do not justify substituting blanket denials for now-established facts. Defendant also contends that withdrawal would prejudice its ability to defend the merits because it investigated and defended this case on the theory

that Plaintiffs sought benefits for a May 2025 occurrence that they had never reported. It notes Plaintiffs now allege this suit concerns a claim reported on May 26, 2024, and the proposed denials leave unresolved whether later-observed damage arose from the 2024 event, a 2025 event, or both. Thus, allowing withdrawal will require Defendant to develop evidence concerning the property's condition before and after both storm events, the source and timing of the interior water intrusion, the dates used in contractor and consultant materials, the methodology used to attribute the claimed $165,414.78 repair scope to the 2024 event, and whether later estimates combine damage from separate occurrences. Defendant also notes it attended a mediation based on the originally pled allegations.

Defendant proposes the Court deny the motion in its entirety or alternately evaluate the motion on a request-by-request basis, require amended responses that comply with Rule 36(a)(4), and consider requiring Plaintiffs to bear the reasonable expenses caused by withdrawal.

Plaintiffs have not filed a reply, conceding Defendant's arguments by their silence.

The Court rules as follows. Permitting withdrawal would promote the disposition on the merits of the action and would not prejudice Defendant's ability to defend the case, particularly since the Court will be entering an amended scheduling order which will allow Defendant to conduct appropriate discovery. Accordingly, the motion is GRANTED. Plaintiffs' admissions made by operation of Rule 36 are set aside. Plaintiffs shall serve their responses[3] on or before December 1, 2026.

Further, to ensure Defendant is made whole for any financial loss caused by granting the motion, Plaintiffs shall pay for Defendant's reasonable costs caused by allowing withdrawal of the admissions. If the parties cannot determine this amount on their own, Defendant may move for

[3] To avoid any subsequent disputes over the sufficiency of these responses, the Court encourages Plaintiffs to amend their proposed responses to address Defendant's concerns that the responses are incomplete or evasive.

reimbursement of these costs by filing a separate motion on or before December 4, 2026, which details these reasonable costs.[4] Any motion for costs must be supported by detailed documentation, such as billing records.

**IT IS SO ORDERED.**

Date: November 19, 2026

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

[4] The Court emphasizes that these costs must be reasonable and directly caused by Plaintiffs' withdrawal of the deemed admissions. The Court encourages the parties to determine this amount without the Court's intervention. Defendant's cost of filing a motion for costs will not be compensable.